UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAFNI MARIE CROSSEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. C12-501-JCC-JPD<br><br><br><br>REPORT AND RECOMMENDATION |

　　　　The plaintiff brought this action to seek judicial review of the denial of her application for disability benefits by the Commissioner of the Social Security Administration. Dkt. 3. The parties have stipulated that this case should be reversed and remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. 18.

　　　　Based on the stipulation of the parties, the Court recommends that this case be REVERSED and REMANDED for further administrative proceedings before an Administrative Law Judge ("ALJ"). On remand, the ALJ shall conduct a *de novo* hearing and offer plaintiff the opportunity to appear at the new administrative hearing, in which plaintiff may testify, submit additional evidence, and make new arguments. New medical evidence, if available, shall be considered on remand. Accordingly, the ALJ shall reevaluate plaintiff's impairments, credibility

REPORT AND RECOMMENDATION
PAGE - 1

1 and residual functional capacity ("RFC"), as necessary. The RFC shall include a clear
2 description of plaintiff's ability to perform mathematics. The ALJ shall reevaluate plaintiff's
3 ability to perform past relevant work, and her ability to perform other jobs that exist in
4 significant numbers in the national economy. The ALJ shall obtain supplemental evidence from
5 a vocational expert to clarify the effect of the assessed limitations, including any limitations on
6 performing mathematics, on plaintiff's occupational base. The ALJ shall ask the vocational
7 expert if his or her testimony is consistent with the Dictionary of Occupational Titles ("DOT").
8 Upon conflict between the DOT and the vocational expert's testimony, the ALJ shall determine
9 whether the vocational expert's explanation for the conflict is reasonable and whether a basis
10 exists for relying on the expert rather than the DOT.

   A proposed order accompanies this Report and Recommendation.

   DATED this 9th day of August, 2012.

                                   /s/ James P. Donohue
                                   _____
                                   JAMES P. DONOHUE
                                   United States Magistrate Judge